# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3154 | **DATE** | 6/3/2011 |
| **CASE TITLE** | Donnelly vs. Astrue | | |

**DOCKET ENTRY TEXT**

Along with a complaint [1], Plaintiff has filed a application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5]. For the reasons stated below, Plaintiff's application for leave to proceed *in forma pauperis* [4] is granted, and Plaintiff's motion for appointment of counsel [5] is denied without prejudice. The Clerk is directed to send Plaintiff a Magistrate Judge Consent Form along with a copy of this order. Please see below for further details.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Based on the representations in Plaintiff's application and financial affidavit that Plaintiff currently is unemployed, that he earns minimal income from social security and welfare, and that he has no equity in his home, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4]. The Court requests that the Clerk of the Court accept the complaint for filing without payment of the fee and issue summons. The Court appoints the US Marshals Service to effectuate service of the summons and complaint on Defendant.

Plaintiff's motion for appointment of counsel is respectfully denied without prejudice at this time. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); see also N.D. Ill. Local Rule 83.36(c) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the factors cited above, the Court concludes that appointment of counsel is not warranted at this early stage of the case. Although Plaintiff has made some efforts to secure counsel on his own, the Court would like to review Defendant's responsive pleading before giving further consideration to whether the appointment of counsel may be appropriate. It also should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits and that the Court will revisit whether appointment of counsel is

| STATEMENT |
|---|
| warranted at all stages of the case, either on its own motion or on renewed motion by Plaintiff. |